### J. J. Lumpkin v. Eliza Jaquess.

Decided December 13, 1902.

**Auditor's Report—Exceptions Operating as Pleading.**

Where the action was one by a principal to compel an accounting and to set aside settlements made with her agent, evidence of items in plaintiff's favor was admissible under exceptions by her to an auditor's report, although her petition contained no such items or charges, since, by virtue of the statute, exceptions to an auditor's report become a part of the pleadings in the case. Rev. Stats., art. 1496.

Appeal from the District Court of Bosque. Tried below before Hon. Wm. Poindexter.

*J. A. Gillette, P. S. Hale,* and *S. H. Lumpkin,* for appellant.

*Felix H. Robertson* and *Robertson & Robertson,* for appellee.

HUNTER, Associate Justice.—This suit is one to compel an accounting. The appellee alleged that appellant was her agent and manager of her entire business for a number of years, and that he had made divers settlements of his accounts as agent with her concerning her business which had been intrusted to his exclusive control and management, alleging negligence in failing to collect certain notes, and also that in said settlements he had fraudulently concealed from her many of his acts and transactions, setting them out, and she prayed that said settlements be set aside and opened up, and for an accounting and for judgment, etc. The appellant answered denying all allegations of concealment, alleging faithful care and attention to her business and the utmost good faith in all his dealings and settlements with her; that she had notice and knowledge of every act or omission of which she complained, and pleaded the statutes of limitation of two and of four years to her cause of action.

An auditor was appointed who stated the accounts and made report thereof. The cause was tried by a jury upon exceptions from both parties to the auditor's report, and they found against appellant for $819.62, and from the judgment rendered thereon he has appealed.

The evidence tended to establish an indebtedness on the part of appellant to appellee, which, with interest added, would make about the sum of $819.62, and we find accordingly.

The first assignment of error complains of the admission of evidence offered by appellee to sustain certain payments she claimed to have made to appellant, which she contended the auditor had not allowed her, to wit:

| | |
|---|---:|
| March 10, 1890, to check paid defendant | $215.00 |
| March 10, 1890, to one horse returned | 67.50 |
| January 13, 1891, to check paid defendant | 52.00 |
| August —, 1891, to check paid defendant | 15.00 |
| January 15, 1892, to check paid defendant | 5.00 |
| January —, 1893, to check paid defendant | 50.00 |
| Aggregating | $404.50 |

The objection to this evidence was that the plaintiff's petition contained no such charges or items, which we find to be true. But in her exceptions to the auditor's report she sets them out and pleads them, and this entitled her to prove them. The exceptions filed to an auditor's report become part of the pleadings in the case, and the issues raised thereby are the issues to be tried. All other parts of the auditor's report not excepted to are conclusively settled according to the report. 1 Sayles' Civ. Stats., art. 1496; Kempner v. Galveston County, 76 Texas, 450, 13 S. W. Rep., 460.

Another assignment of error complains of the court's action in overruling appellant's motion for a new trial, because it is insisted, in effect, that the evidence is uncontradicted and conclusive that, if appellee had cause of action as set forth in her petition, and appellant was guilty of fraud in concealing the same from her, she knew of such facts and fraud between December 21, 1895, and June 11, 1896, and her said cause of action was therefore barred by limitation of two years.

It does appear from the evidence that she complained to many of her neighbors and friends of appellant's mismanagement of her business, and claimed to some that he had robbed her between the dates above given. The record contains evidence tending to establish such knowledge of her cause of action as would put the statute in motion; but the appellant fails to inform us in his brief when this suit was filed, and we have been unable to find out from the record. The earliest filed pleading of the plaintiff contained in the record is her "second amended original petition," which was filed December 5, 1899. It recites that the same is an amendment, and in lieu of her first amended original petition filed August 31, 1899. When the original petition was filed the record does not disclose. It may have been filed within less than two years from December 21, 1895, for all we are informed. Were we of opinion that the two years statute of limitations applied in this case, we could not say the action was barred, because appellant, who brings the record here, does not show us when the suit against him was filed. Nor are we prepared to hold that the two years statute of limitation would apply to this case.

There are other assignments of error which complain of the charge of the court, and that the verdict of the jury is contrary to the evidence and against the great preponderance of the evidence, but upon a thorough examination of the evidence we are unable to say that there is not sufficient evidence to support the verdict, though we are not prepared to hold that the appellant was guilty of any intentional fraud. The record discloses that by an unfortunate conflagration some of his houses and many of his books and papers were burned which related to his transactions with appellee and that time had dimmed the memory as to the details thereof. But this was his misfortune and one for which the law can make no allowance.

The charge of the court was full and fair in every respect, and finding

no error in the proceedings and none in the judgment which would justify us in reversing it, we order that it be in all things affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

SPEER, ASSOCIATE JUSTICE.—That portion of the original opinion in this case which states that the record nowhere discloses the date of the filing of plaintiff's original petition is incorrect. The appellant's brief does not inform us, but it seems that the file mark upon the original petition was introduced in evidence, and appears upon page 141 of the very bulky transcript. It appears from this that the original petition was filed January 2, 1899. But it can not be held that there is no evidence to support the finding of the jury upon the issues of limitation submitted by approprate charge.

As stated in the opinion upon the original hearing of this cause, there is evidence in the record which tends to establish appellee's knowledge of her cause of action, yet the evidence in this respect was conflicting and was determined by the jury adversely to appellant.

The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.